UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2025 APR 24 PM 1:26
U.S. DISTRICT COURT
DISTRICT OF MASS.

RICO PERRY,
Plaintiff,

v.                                                         Civil Action No. _____

MARK HOLMES,
CAPTAIN HILAIRE VLADIMIR PIERRE,
LAWRENCE BOYD, M.D.
ANN MARIE NOLAN, NP,
MARCIA NORATE, N.P.,
KENDRA BROOKS, N.P.,
HAS A MORSE, N.P.,
KIMBERLY ROWAN, N.P.,
UNITED STATES MARSHAL MATTHEW DUMAS,
UNITED STATES MARSHAL JOHN WICKHAM,
UNITED STATES MARSHAL JOSHUA LOUFIK, and
UNITED STATES MARSHAL EMELY ROSARIO-
HENRIQUE, and KELLY FATH,
        Defendants.

## COMPLAINT AND JURY DEMAND

## PARTIES

1. Plaintiff Rico Perry is an individual with a mailing address of P.O. Box 692592, Quincy, Massachusetts, 02269.

2. Defendant Mark Holmes ("Holmes") is an individual and grievance coordinator with Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, Massachusetts.

3. Defendant Lawrence Boyd, M.D., ("Boyd") is a physician employed with Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, Massachusetts.

4. Defendant Ann Marie Nolan, NP, ("Nolan") is a nurse practitioner employed with Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, Massachusetts.

5. Defendant Marcia Norate, NP, ("Norate") is a nurse practitioner employed with Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, Massachusetts.

6. Defendant Kendra Brooks, NP, ("Brooks") is a nurse practitioner employed with

1

   Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, Massachusetts.

7. Defendant Kimberly Rowan, NP, ("Rowan") is a nurse practitioner employed with Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, Massachusetts.

8. Defendant United States Marshal Matthew Dumas ("Dumas") is an individual employed with the Bureau of Prisons, 1 Courthouse Way, Suite 1-500, Boston, Massachusetts.

9. Defendant United States Marshal John Wickham ("Wickham") is an individual employed with the Bureau of Prisons, 1 Courthouse Way, Suite 1-500, Boston, Massachusetts.

10. Defendant United States Marshal Joshua Loufik ("Loufik") is an individual employed with the Bureau of Prisons, 1 Courthouse Way, Suite 1-500, Boston, Massachusetts.

11. Defendant United States Marshal Emely Rosario-Henrique ("Rosario-Henrique") is an individual employed with the Bureau of Prisons, 1 Courthouse Way, Suite 1-500, Boston, Massachusetts.

12. Defendant Kelly Fath ("Fath") is an individual employed as the United States Prisoner Health Services Commander with the United States Marshals Service Headquarters, Arlington, Virginia.

JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because the Plaintiff's cause of action arose, Plaintiff is being injured in this judicial district and the Defendants are doing business in this judicial district.

FACTS

15. On January 28, 2020, Plaintiff was at Cube Smart Self-Storage located at 150 McClellan Highway, Boston, Massachusetts. Plaintiff was unarmed. While at Cube Smart Self-Storage, Plaintiff was shot in the back of my head by unknown Federal Alcohol, Tobacco, Firearms and Explosives agents of the Special Response Team ("SRT Agents"). This incident was recorded on video and was not released to the public.

16. On January 28, 2020, Plaintiff was brought to Massachusetts General Hospital ("MGH") for treatment. However, SRT Agents lied to medical staff at MGH by claiming Plaintiff was shot in the shoulder and the bullet ricocheted from his body. MGH discharged Plaintiff without any medical treatment or follow-up plan.

17. Thereafter, Plaintiff was detained and housed at Plymouth County Correctional Facility ("PCCF") and continued to suffer constant pain from light, headaches, migraines from

being shot in the back of the head.

18. Between approximately January 29, 2020 and June 23, 2023, Plaintiff requested medical treatment from internal medical staff at PCCF, namely from Defendants Boyd, Nolan, Morate, Brooks, and Rowan through the United States Marshal Service, Defendants Dumas, Henrique-Rosario, Loufikl and Wickham.

19. Between approximately January 29, 2020 and June 23, 2023, Defendant Nolan failed to provide Plaintiff with proper medical care and failed to address Plaintiff's serious medical needs.

20. Between approximately January 29, 2020 and June 23, 2023, Plaintiff filed numerous claims with Defendant Holmes, Grievance Coordinator at PCCF, who failed to properly address Plaintiff's claims.

21. Between approximately January 29, 2020 and June 23, 2023, Defendant Pierre, administrator at Plymouth County Correctional Facility, had a duty to ensure Plaintiff's medical needs were met while under his care and custody and failed to do so.

22. On or about June 15, 2021, Plaintiff was brought to LSH and presented with over one year of headaches that began on or about January 28, 2020.  Dr. Taha Bali recommended continuing treatment at LSH and possibly up titrating his propranolol. Dr. Bali further noted medication did not relent to headaches and Plaintiff's blood pressure was difficult to control.

23. Between approximately June 21, 2020 and September 13, 2022, Defendant Boyd refused to acknowledge Dr. Bali's medical recommendations and, at the behest of United States Federal Marshals, namely Defendants Dumas, Fath, and Rosario-Henrique, refused to allow Plaintiff further access to medical care.

24. On or about April 25, 2022, Plaintiff filed an inmate grievance Number 04-22-038 through his caseworker, Deana. Plaintiff reiterated he continues to experience serious pain to this head, headaches, and vision issues. Plaintiff additionally requested medical treatment at a hospital, including an MRI and CT scan, as a resolution. Caseworker Deana advocated for a referral to a neurologist on Plaintiff's behalf.

25. On April 29, 2022, Defendant Holmes approved Plaintiff's Grievance Number 04-22-038 for outside medical consultation. However, on April 28, 2022 at 13:41 P.M., Defendant Rowan referred to Plaintiff's Grievance Number 04-22-038 and stated, in part, "...Perry has had a consult submitted for LSH neurology department submitted for approval. Federal agency has denied this appointment...[Perry] is on the list to be evaluated by the in house provider."

26. On or about May 6 , 2022, after not being taken to a pre-scheduled appointment at Lemuel Shattuck Hospital ("LSH"), Plaintiff filed an appeal against Defendant Rowan who alleged Plaintiff was not compliant with medical staff and was further denied

3

medical treatment. Defendants Rowan and Pierre further alleged Plaintiff canceled the appointment with LSH on his own accord.

27. On or about July 20, 2022, Plaintiff filed a request for the name of a PCCF staff member(s) who schedule(d) outside appointments. On that same date, Defendant Brooks denied sharing the name of the staff member and stated the staff member only "...arranges our off site appointments at the direction of our medical providers."

28. On or about August 23, 2022, after continuing to be refused access to outside medical care by PCCF staff and USM, Plaintiff contacted his attorneys and requested intervention on his behalf. Defendants Dumas, Loufik, Rosario-Henrique, Wickham, and Fath were included in this email correspondence.

29. On or about August 25, 2022, Defendant Dumas responded to Plaintiff's attorney and stated, in part, "Perry refused to attend this [May 6, 2022] appointment…for the doctor and nurse practitioner to develop a plan on imaging. MRI/CAT CT…" Defendant Dumas also stated that Plaintiff was scheduled for a neurology appointment in late September [2022] and an MRI in early October. However, Plaintiff was never brought to any appointment in October 2022. Plaintiff was told the United States Marshals Service denied to approve his medical appointments.

30. On September 13, 2022, Defendant Fath referred to a denial notification dated September 8, 2022 as reasoning to deny Plaintiff's medical requests. Plaintiff was never provided a copy of this documentation.

31. On or about September 20, 2022, Plaintiff was brought to Lemuel Shattuck Hospital and again seen by Dr. Taha Bali. Dr. Bali did not order or conduct a MRI/CT scan but recommended increases in medication, additional medication, and follow-up return to the Neurology Clinic in 3 months [January 2023].

32. Between January 2023 and his release from PCCF in June 2023, Plaintiff was never brought to the Neurology Clinic for any follow-up appointment.

33. In or about June 2023, upon his release from PCCF and Federal custody, Plaintiff was seen at South Shore Hospital. Plaintiff was referred to Mass General Brigham, BWH Neurology at Faulkner, Boston, Massachusetts. Plaintiff began medical treatment at BWH Neurology at Faulkner in 2023.

34. On June 27, 2024, Plaintiff was seen by Dr. Daniel Stephen Smoots at Mass General Brigham, BWH Neurology at Faulkner, in Boston, who opined, "Patient with chronic migraine and chronic neck pain following incident in 2020. Cervical spine imaging revealing severe central canal stenosis at C6-C7. Patient is undergoing further evaluation and referral given symptoms and imaging findings."

35. On August 8, 2024, Dr. Kevin Spiegler at Mass General Brigham, BWH Neurology at Faulkner, in Boston opined, "It is my medical opinion that Rico Perry suffers from a

chronic migraine syndrome which initially likely resulted from head trauma…He also has significant disc disease in his cervical spine which is causing some sensory changes in his hands…He is following with neurosurgery for this issue, and may require surgery."

36. On August 19, 2024, Plaintiff's primary care provider, Danielle Whitcher, CNP opined, in part, Plaintiff has the following diagnoses, "…anxiety disorder, chronic migraine without aura, post traumatic stress disorder, chronic back pain, and spinal stenosis in cervical region."

37. Between January 2020 and June 2023, Defendants failed to provide a reasonable level of care. The level of care provided was not at "a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards." United States v. Derbes, 369 F.3d 579, 583 (1st Cir. 2004)) (quoting United States v. DeCologero, 821 F.2d 39, 43 (1st Cir. 1987).

38. Between January 2020 and June 2023, Defendants failed to provide proper medical care. [T]he range of serious medical needs includes those which are either diagnoses by physicians or " '[are] so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014).

## COUNT I
## DELIBERATE INDIFFERENCE
## 42 U.S.C. § 1983
**(Against All Defendants)**

39. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 38 of the Complaint.

## COUNT II
## GROSS NEGLIGENCE
## U.S.C. § 1983
**(Against All Defendants)**

40. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 38 of the Complaint.

## COUNT III
## FAILURE TO PROTECT
## U.S.C. § 1983
**(Against All Defendants)**

1. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 38 of the Complaint.

WHEREAS, Plaintiff Rico Perry prays that this Court:

- Enter judgement in favor of Plaintiff on All Counts of the complaint;
- Award Plaintiff actual damages in an amount to be determined at trial;
- Award Plaintiff statutory damages in an amount to be determined at trial;
- Award Plaintiff interest on judgement as provided for by law; and
- Aware such further relief as the Court deems just and appropriate.

### Jury Demand

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

*Rico Perry*
Rico Perry
P.O. Box 692592
Quincy, MA 02269
(617) 708-9984
Swauve706@gmail.com

Date: 4-21-25

**VERIFICATION**

I, Rico Perry, hereby state:

1. I am the Plaintiff in the above-entitled action.
2. I have read the foregoing Complaint, which I declare to be true and correct to the best of my knowledge, information and belief.

Sworn under the penalties of perjury this 21 day of April, 2025.

*Rico Perry*
Rico Perry

6